No. 14-3271

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

UNITED STATES OF AMERICA,

   Plaintiff-Appellee,

       vs.

MARIANO A. MEZA-RODRIGUEZ,

   Defendant-Appellant.

_____

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
THE HONORABLE RUDOLPH T. RANDA, PRESIDING**
_____

**DEFENDANT-APPELLANT'S SUPPLEMENTAL BRIEF**

| | |
|---|---|
| Adam Stevenson, Esq. | Joseph A. Bugni |
| Samuel Robins, student | FEDERAL DEFENDER SERVICES |
| Richard R. Staley, student |    OF WISCONSIN, INC. |
| Clinical Associate Professor | 22 East Mifflin Street, Suite 1000 |
| Director, Oxford Federal and | Madison, Wisconsin 53703 |
|    Federal Appeals Projects | (608) 260-9900 |
| Frank J. Remington Center | joseph_bugni@fd.org |
| University of Wisconsin Law School | Lead Counsel for |
| 975 Bascom Mall |    Mariano A. Meza-Rodriguez |
| Madison, WI 53706 | |
| (608) 262-9233 | |

## TABLE OF CONTENTS

Page

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -i-

Table of Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -ii-

Certificate of Service

# TABLE OF AUTHORITIES

Page

C<small>ASES</small>

*Diaz v. Duckworth,*
    143 F.3d 345 (7th Cir. 1998)... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 3, 4

*United States v. Hamdi*,
    432 F.3d 115 (2d Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 3

*United States v. Madrigal-Valadez*,
    561 F.3d 370 (4th Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

8 U.S.C. § 1182(a)(2)(A)(i)(I)-(II). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

8 U.S.C. § 1182(a)(9)(A)(I). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

At oral argument, this Court ordered the parties to brief the effect of *Diaz v. Duckworth,* 143 F.3d 345 (7th Cir. 1998), if any, on this case. This brief is submitted in support of the defense's position that *Diaz* does not preclude this Court from granting relief. Defense counsel has spoken with AUSA Gail Hoffman and shared a draft of this brief with her; she concurs with the defense's analysis and asks that the Court have this brief to stand as the Government's response as well.

Every appeal must present this Court with a case or controversy, without which an opinion would be merely advisory. For Meza's appeal to present an actual controversy, he has to have "suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." *United States v. Hamdi*, 432 F.3d 115, 118 (2d Cir. 2005); *Diaz*, 143 F.3d at 347 ("[a] basic principle of standing is that a person is not entitled to litigate in federal court unless he can show a reasonable probability of obtaining a tangible benefit from winning."). An actual injury can include a "statutory disabilit[y] such as loss of right to vote or the right to own a gun." 143 F.3d at 346.

The issue here is what effect *Diaz* has on Meza's appeal, and *Diaz*'s holding cannot be divorced from its facts. Diaz was an undocumented immigrant, with an underlying state conviction. *Id.* While serving his sentence, he lost 180 days of good-time credit, and he argued that this was done without due process. *Id.* His petition

wasn't a direct appeal of a criminal conviction, nor was it a claim that his underlying conviction violated the Constitution. His beef was with the extra 180 days he had to serve. While his petition was pending, he was released from state custody and deported. *Id*.

This Court held that Diaz's case was moot because even if he won his habeas claim, he wasn't entitled to any cognizable relief—beyond some purely speculative possibility of future harm. *Diaz*, 143 F.3d at 346-47. This Court did not hold that the case was automatically moot because Diaz had been deported. Rather, the case was moot because Diaz was appealing only the calculation, or execution, of a sentence and, by the time of this Court's opinion, that sentence had run. He wasn't suffering any statutory disability and—even if he won—couldn't gain anything from the appeal.

At oral argument, the Court alluded to the tension of *Diaz* with the Second Circuit's decision in *Hamdi*. There is some, but only regarding outcome. In *Hamdi*, if the defendant prevailed in his appeal he would get a new sentencing hearing. *Hamdi*, 432 F.3d at 118. The Second Circuit noted that a new sentencing and lower sentence was relief that rose above the speculative: Mr. Hamdi's ultimate sentence (not days served) would affect his ability to return to the United States on a visa. *Id.* at 119 (noting that the length of his sentence is material to his ability to obtain a
-2-

discretionary waiver of inadmissibility). And Hamdi's inability to reenter is, of course, a creature of statute. *See* 8 U.S.C. § 1182(a)(2)(A)(i)(I)-(II).

In this sense, *Diaz* and *Hamdi* can coexist. In *Diaz*, obtaining habeas relief couldn't have an effect on his future immigration status—or anything else. At least, there is no mention of that in the opinion and it was probably never argued because good-time credit only affects the actual days you serve, not the sentence you previously received. For that reason Diaz's case was moot. In contrast, Hamdi's ability to reenter under the statute for discretionary waivers would have been affected by the length of his sentence. *See Hamdi*, 432 F.3d at 118-19. As a result, Hamdi's case was not moot.

Meza's case is a direct challenge to an underlying conviction. And his ability to reenter depends on whether he is a convicted felon. *See* 8 U.S.C. § 1182 (a)(9)(A)(i). Meza's current status as deported doesn't stop him from suffering an injury. He is now a felon and has to deal with everything that comes with that status—including being removed and incapable of re-entering. Thus, Meza's case is not moot.

Holding that Meza's case is still alive is not only consistent with *Diaz*'s recognition of "statutory disabilities" that keep a case alive, it is also consistent with holdings in other federal circuits. *See e.g., United States v. Madrigal-Valadez*, 561 F.3d 370 (4th Cir. 2009) (holding that a direct appeal is not rendered moot simply

because a defendant is deported). In sum, even if this Court were to extend *Diaz* outside the realm of habeas cases, here Meza would still be able to satisfy the demands of a case-or-controversy and show that he is suffering statutory disabilities because of his conviction, and these disabilities will be ameliorated by this Court reversing his conviction.

Dated at Madison, Wisconsin this 18th day of June, 2015.

Respectfully submitted,

/s/ Joseph A. Bugni
Joseph A. Bugni, Esq.
Federal Defender Services of WI, Inc.
22 East Mifflin Street, Suite 1000
Madison, Wisconsin 53703
608-260-9900
608-260-9901
joseph_bugni@fd.org

Adam Stevenson, Esq.
Samuel Robins, student
Richard R. Staley, student
Clinical Associate Professor
Director, Oxford Federal
    and Federal Appeals Projects
Frank J. Remington Center
University of Wisconsin Law School
975 Bascom Mall
Madison, WI 53706
(608) 262-9233

# CERTIFICATE OF SERVICE

The undersigned counsel for the Defendant-Appellant Mariano A. Meza-Rodriguez, hereby certifies that on June 18, 2015, two copies of the above brief, as well as a digital version of the brief via the Court's CM/ECF system, were delivered by first class mail, postage pre-paid, to AUSA Gail Hoffman, counsel for the government in this action.


Dated: <u>June 18, 2015</u>             <u>/s/ Joseph A. Bugni</u>
                                                  Joseph A. Bugni
                                                  Counsel for Defendant-Appellant
                                                  Mariano A. Meza-Rodriguez